(No. 1094—Claimant awarded $4,100.00.)

WILLIAM L. FISCHER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1927.*

WORKMEN'S COMPENSATION ACT—*award may be made to State employee under.* Where an employee of the State sustains an injury arising out of and in the course of his employment, compensation may be awarded to him under the provisions of the Workmen's Compensation act.

OSCAR J. PUTTING, for claimant.

OSCAR E. CARLSTROM, Attorney General; MERRILL F. WEHMHOFF, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

It appears from claimant's declaration that on or about the 19th day of October, A. D. 1925, he was working for the State of Illinois as a plumber and steam-fitter's helper on a section of the service tunnel at the Elgin State Hospital; that at the time in question he was ordered by the foreman, an employee of the State of Illinois, to inspect a six inch high pressure steam pipe line which had been made in a tunnel. The tunnel walls were complete and while claimant, together with others, was in the tunnel endeavoring to straighten the pipes, the walls caved in and the claimant was crushed by the falling of cement blocks and pipes. He was painfully and seriously injured, his pelvis having been broken and fractured in six places. The claimant was a man of about 33 years of age and in good health at the time of the accident, and it is further alleged that the claimant is suffering with a permanent deformity of the pelvis with permanent injury to his nervous system and is permanently disabled from following his occupation as a plumber and steam-fitter's helper and will continue so to be.

A stipulation was filed substantially agreeing with the facts alleged and further showing that claimant has a wife and a child 5 years of age who are depending upon him as their sole means of support and at the time of the accident he was receiving $6.00 per day. It is further stipulated that the said William L. Fischer is permanently injured and physically incapacitated to do any physical labor of any kind for the rest of his life.

It therefore appears to the court that following the rules of the Workmen's Compensation Act, which should be followed in view of the facts stipulated and shown, the claimant should have allowance measured by the Workmen's Compensation Act.

Therefore it is considered by the court and recommended that the claimant be allowed the sum of $4,100.00.